**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 10-cv-3176-JLK-BNB (consolidated with No. 11-cv-606-JLK-BNB)

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.

DAKOTA HOMESTEAD TITLE INSURANCE COMPANY,

    Defendant and Third-Party Plaintiff,

v.

CLASSIC TITLE AGENCY, INC., and
RYAN D. RODENBECK,

    Third-Party Defendants.

    (Re:  Civil Action No. 10-cv-3176 and Civil Action No. 10-cv-606)

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in these consolidated civil actions ("the Litigation") pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information, and/or implicates common law and statutory privacy interests of the parties to the Litigation entitled to protection under Fed. R. Civ. P. 26(c).

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of the Litigation.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on the Litigation;

    (b) persons regularly employed or associated with the attorneys actively working on the Litigation whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the Litigation;

    (c) the parties (including designated representatives for each party);

    (d) expert witnesses and consultants retained in connection with the Litigation, to the extent such disclosure is necessary for preparation, trial, or other proceedings in the Litigation;

    (e) the Court and its employees ("Court Personnel");

      (f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of the Litigation;

      (g)      deponents, witnesses, or potential witnesses; and

      (h)      other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are to be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within ten (10) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Within thirty (30) days after the termination of the Litigation, unless other arrangements are agreed upon, all CONFIDENTIAL information shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL information. Where the parties agree to destroy CONFIDENTIAL information, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. By stipulating to this Protective Order, no party waives any right it may have to

withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

12. Nothing in this Protective Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

13. If a party inadvertently produces CONFIDENTIAL information without the required designation of "CONFIDENTIAL," the Producing Party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific information at issue. Upon receipt of such notice, the receiving party shall treat the information identified in the notice as CONFIDENTIAL information until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) business days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject information.  A party shall not be deemed to have waived any right to designate information as CONFIDENTIAL by allowing inspection of such information prior to a designation of such material as "CONFIDENTIAL" or by inadvertently failing to mark a document as "CONFIDENTIAL" prior to its disclosure.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated October 5, 2011.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge

APPROVED AS TO FORM:

By: *s/ David E. Leavenworth*     By: *s/ Kelly S. Kilgore*
    David E. Leavenworth                      John H. Bernstein
    Bradley J. O'Brien                           Mark C. Willis
                                                    Kelly S. Kilgore

   HALL & EVANS, L.L.C.              KUTAK ROCK LLP

1125 17th Street, Suite 600           1801 California Street, Suite 3100

Denver, CO  80202                     Denver, CO  80202

*Attorneys for Plaintiffs Stephen R. Block and April W. Block in Civil Action No. 11-cv-00606*

*Attorneys for Plaintiff JPMorgan Chase Bank, N.A. in Civil Action No. 10-cv-03176 and Defendant in Civil Action No. 11-cv-00606*

By: *s/ John Kezer*                    By: *s/ Peter R. Bornstein*
    Joel W. Cantrick                                Peter R. Bornstein

<table>
<tr><td>

John Kezer

JONES & KELLER, P.C.
1999 Broadway, #3150
Denver, CO  80202

*Attorneys for Defendant and Third-Party Plaintiff Dakota Homestead Title Insurance Company in Civil Action No. 10-cv-3176*

</td><td>

1600 Broadway, #2350
Denver, CO  80202

*Attorneys for Third-Party Defendant Ryan R. Rodenbeck in Civil Action No. 10-cv-03176*

</td></tr>
</table>